# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **VICKIE HIMES, MARSHA STAMM and FALON CLARK, individually and on behalf of all other similarly situated individuals,** | **CASE NO.:** |
| **Plaintiffs,** | **Judge** <br> **Magistrate Judge** |
| vs. | **CLASS AND COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND** |
| **DANNY'S INC. d/b/a THE TACKLE BOX 2** <br> c/o Roger Hafford, Statutory Agent <br> 621 Croghan St. <br> Fremont, Ohio 43420 | Widman & Franklin, LLC <br> Kera L. Paoff (0082674) <br> Marilyn L. Widman (0068446) <br> 405 Madison Ave., Suite 1550 <br> Toledo, Ohio 43604 <br> Ph.: (419) 243-9005 <br> Fax: (419) 243-9404 <br> kera@wflawfirm.com <br> marilyn@wflawfirm.com <br> **Attorneys for Plaintiffs** |
| And | |
| **THE TACKLE BOX 2** <br> 420 Sandusky Ave <br> Fremont, Ohio 43420 | |
| And | |
| **DANNY STEPHENS** <br> 420 Sandusky Ave <br> Fremont, Ohio 43420 | |
| And | |
| **SERETA STEPHENS** <br> 617 Chestnut St <br> Fremont, Ohio 43420 | |
| **Defendants.** | |

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay wages and overtime compensation due to Plaintiffs and other similarly situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* as well and the applicable wage and hour laws and regulations set forth in Ohio Revised Code §§ 4111.01, 4111.03, 4111.10, and 4113.15 (collectively referred to as "Ohio law claims" or "state law claims").

2. With respect to Plaintiffs' Ohio law claims, Plaintiffs bring this action as a class action, individually, and on behalf of similarly situated individuals pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b).

3. With regard to the claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

## JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under federal law – FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' Ohio law claims set forth herein pursuant to 28 U.S.C. § 1367 because the claims arise out of the same case and controversy.

6. Venue is properly laid in the Northern District of Ohio under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Sandusky County, Ohio and Defendants conduct substantial business within this District.

## PARTIES

7. Plaintiff, Vickie Himes ("Himes"), is an individual residing in the City of Fremont, County of Sandusky, Ohio.

8. Plaintiff, Marsha Stamm ("Stamm"), is an individual residing in the City of Fremont, County of Sandusky, Ohio.

9. Plaintiff, Falon Clark ("Clark"), is an individual residing in the City of Fremont, County of Sandusky, Ohio.

10. Defendant, The Tackle Box 2, is an Ohio Corporation with its principal place of business located in the City of Fremont, County of Sandusky, Ohio. Upon information and belief, Defendant The Tackle Box 2 has operated as, and may still operate under, the corporation of Defendant Danny's, Inc., which is an Ohio Corporation. Collectively, Defendant The Tackle Box 2 and Defendant Danny's Inc. are referred to herein as "Defendant Restaurant". At all times relevant to this Complaint, Defendant Restaurant was Plaintiffs' employer.

11. Defendant, Danny Stephens ("Defendant D. Stephens"), is an individual and upon information and belief, resides in the City of Fremont, County of Sandusky, Ohio. At all times relevant to this Complaint, Defendant D. Stephens was the owner, in whole or in part, of Defendant Restaurant and directly or indirectly acted in the interest of Defendant Restaurant in relation to its employees, including Plaintiffs

and other putative class members, by hiring and firing, enforcing policies and pay practices, directing the work, and maintaining the records of Defendant Restaurant's employees. Defendant D. Stephens also used his authority over Plaintiffs and similarly situated individuals to violate their rights under the FLSA and Ohio law. Therefore, Defendant D. Stephens was an individual employer.

12. Defendant, Sereta Stephens ("Defendant S. Stephens"), is an individual and upon information and belief, resides in the City of Fremont, County of Sandusky, Ohio. At all times relevant to this Complaint, Defendant S. Stephens was the manager of Defendant Restaurant and may have an ownership interest in it. Further, Defendant S. Stephens directly or indirectly acted in the interest of Defendant Restaurant in relation to its employees, including Plaintiffs and other putative class members, by hiring and firing, enforcing policies and pay practices, directing the work, and maintaining the records of Defendant Restaurant's employees. Defendant S. Stephens also used her authority over Plaintiffs and similarly situated individuals to violate their rights under the FLSA and Ohio law. Therefore, Defendant S. Stephens was an individual employer.

13. Based on the foregoing, Defendants were and continue to be joint employers over Plaintiffs and the putative class members and collectively, to their mutual financial benefit and competitive business advantage, harmed Plaintiffs and the putative class members in violation of the FLSA.

14. At all times relevant to this Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

15. Defendants were and continue to be "employers" within the meaning of the FLSA and the Ohio wage laws.

16. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated employees of Defendants, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendants as described herein.

17. In addition, Plaintiffs bring this action in their individual capacities, separate and apart from the class and/or collective action claims set forth herein.

## **FLSA COLLECTIVE ACTION**

18. Plaintiffs bring the FLSA collective action claims on behalf of themselves and all other individuals employed by Defendants from three years preceding the filing of this lawsuit through the culmination of this litigation in the position of waitress, bartender, or other tipped position.

19. Plaintiffs brings the FLSA collective action claims under 29 U.S.C. § 216(b). Plaintiffs and other "tipped" employees are similarly situated in that they have been or are employed in the same or similar positions; they were or are subject to the same or similar unlawful practices, policy or plan of Defendants not paying them proper compensation; and their claims are based upon the same legal theory.

## RULE 23 CLASS ACTION ALLEGATIONS

20. Plaintiffs bring the second and third causes of action under Rule 23 of the Federal Rules of Civil Procedure, for themselves and on behalf of a class consisting of all persons who have worked for Defendants in Ohio from three years preceding the filing of this lawsuit through the culmination of this litigation in the position of waitress, bartender, or other tipped position.

21. Class certification for the claims is appropriate under Federal Rules of Civil Procedure 23(a), and 23(b)(3) because all of the requirements of those Rules are met.

22. The class is so numerous that joinder of all members is impracticable.

23. There are questions of law and fact common to the class, including whether the putative class members were not compensated for all hours worked including proper minimum wage and/or overtime pay in violation of Ohio law.

24. The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiffs and to the class.

25. The named Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' claims are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of class actions.

26. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## **GENERAL BACKGROUND**

27. Defendants operate a bar/restaurant located in Sandusky Avenue in Fremont, Ohio.

28. Himes worked for Defendants from approximately May of 2017 until November of 2018 as a waitress/bartender.

29. Stamm worked for Defendants for approximately 3 years, with her last day worked being on or about February 23, 2019. At all times throughout her employment, Stamm worked as a waitress/bartender for Defendants.

30. Clark worked for Defendants from February of 2017 until February 24, 2019. At all times throughout her employment, Clark worked as a waitress/bartender for Defendants.

31. Plaintiffs and members of the putative class work in hourly, "tipped" positions.

32. Defendants schedule Plaintiffs and other members of the putative class to work a certain number of hours each day.

33. For example, Himes was typically scheduled to work from 11AM to 4PM; Stamm typically worked 11AM to 8PM or 4PM to close, usually between 9 and 11 PM; and Clark was scheduled varying shifts during her employment.

34. For each hour that Plaintiffs and members of the putative class worked, Defendants took a "tip credit" on the applicable minimum wage, thereby paying servers, bartenders and other tipped employees a rate lower than the regular minimum wage.

35. Defendants also regularly and routinely required Plaintiffs and members of the putative class to perform non-tipped work, such as cleaning bathrooms, mopping floors, moving furniture or other items in the restaurant, washing windows, scrubbing coolers and other unrelated non-tipped work.

36. Defendants did not pay Plaintiffs or the members of the putative class the full minimum wage for hours worked performing these tasks.

37. At times, Plaintiffs or members of the putative class worked more than 40 hours per workweek.

38. Defendants did not compensate Plaintiffs and members of the putative class at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty hours in a workweek.

39. Defendants also did not allow Plaintiffs and members of the putative class to retain all of the tips they earned.

40. Rather, Plaintiffs and members of the putative class were required to pool their tips which were then divided among management employees, employees who did not customarily and regularly receive tips and other servers and bartenders.

41. For instance, Defendant S. Stephens shared in the tip pool although she did not work in a tipped position. In addition, cooks and dishwashers shared in the tip pool.

42. Accordingly, Defendants' policy was not a valid tip pool and they were not allowed to take a tip credit and pay Plaintiffs and members of the putative class less than the full minimum wage required by law.

43. At times, Plaintiffs did not even earn enough tips to cover the tip credit that Defendants took off of the full minimum wage. In these instances, Defendants required Plaintiffs and members of the putative class to overreport the tips that they received in order to make it look like they were being compensated at a rate equal to the full minimum wage.

44. The exact amount owed to Plaintiffs and the putative class members, including any unpaid overtime, will be determined after discovery as Defendants are in possession of their time records.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS
## COLLECTIVE ACTION ALLEGATIONS

45. Defendants have a policy and practice of refusing to pay Plaintiffs and other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act. Defendants illegal practices include, but are not limited to, failing to pay Plaintiffs and members of the putative class at least regular minimum wage for each hour worked, subjecting Plaintiffs and members of the putative class to an illegal tip pool policy and failing to compensate them at one and one half times their regular hourly rate for overtime hours.

46. Defendants' policy and practice resulted and continues to result in Plaintiffs and other similarly situated employees receiving compensation below the statutory minimum wage.

47. Defendants' policy and practice denied and continues to deny Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

48. Defendants knew that they were supposed to pay Plaintiffs, and similarly situated individuals, at a minimum the base minimum hourly rate set by the FLSA, but did not.

49. Defendants also knew that they were not permitted to require Plaintiffs and similarly situated individuals to participate in an invalid tip pool, yet they did.

50. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

51. Defendants have not acted in good faith or in reliance upon any applicable law, regulations or authority in formulating their pay practices.

52. Defendants' illegal pay practices are not individual to Plaintiffs or those of the putative class. Rather, Defendants applied the same policies and practices to the members of the putative class equally which resulted in the nonpayment of minimum and overtime wages.

53. Plaintiffs and all other similarly situated individuals who opt into this litigation are entitled to compensation for all hours worked, including minimum wages, overtime hours worked, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

**COUNT TWO**
**VIOLATION OF THE OHIO WAGE ACT, O.R.C. §§ 4111.01, 4111.03, 4111.10**
**ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL**
**OTHER SIMILARLY SITUATED INDIVIDUALS**
**CLASS ACTION ALLEGATIONS**

54. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Wage Act.

55. Defendants have failed to pay Plaintiffs and other tipped employees proper compensation for all hours worked in violation of the Ohio Wage Act.

56. Defendants' policy and practice resulted and continues to result in Plaintiffs and other similarly situated employees receiving compensation below the statutory minimum wage. Defendants illegal practices include, but are not limited to, failing to pay Plaintiffs and members of the putative class at least regular minimum wage for each hour worked, subjecting Plaintiffs and members of the putative class to an illegal tip pool policy and failing to compensate them at one and one half times their regular hourly rate for overtime hours.

57. Defendants' policy and practice denied and continues to deny Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

58. Defendants knew that they were supposed to pay Plaintiffs, and similarly situated individuals, at a minimum the base minimum hourly rate set by the Ohio Wage Act, but did not.

59. Defendants also knew that they were not permitted to require Plaintiffs and similarly situated individuals to participate in an invalid tip pool, yet they did.

60. Defendants' conduct in this regard is a willful violation of O.R.C. §§4111.01, 4111.03 and 4111.10.

61. Plaintiffs and other similarly situated tipped employees who worked in Ohio are entitled to compensation for all hours worked, including minimum wages, overtime hours worked, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT THREE
## VIOLATION OF THE OHIO PROMPT PAY ACT, O.R.C. § 4113.15, FAILURE TO PAY WAGES WITHIN THIRTY DAYS OF PERFORMING THE WORK ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS
## CLASS ACTION ALLEGATIONS

62. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Prompt Pay Act ("OPPA").

63. Defendants have violated and continue to violate the OPPA because of its willful failure to compensate Plaintiffs and other tipped employees at the time prescribed by the OPPA.

64. During all times relevant to this complaint, Plaintiffs and the members of the putative class are/were not paid wages within 30 days of performing the work.

65. Plaintiffs and similarly situated tipped employees who worked in Ohio are entitled to compensation including liquidated damages, six percent interest on all available compensatory damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiffs claim, individually and on behalf of all other similarly situated as follows:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);
2. Certification of the Ohio law claims as class action pursuant to Fed. R. Civ. P. 23 and the appointment of Plaintiffs and their counsel to represent the class;
3. An award of unpaid minimum wages under the FLSA and Ohio state law;
4. An award of unpaid overtime wages under the FLSA and Ohio state law;
5. An award of liquidated damages under the FLSA and Ohio state law;
6. Interest;
7. Attorneys' fees and costs under the FLSA and Ohio state law;
8. Such other relief as in law or equity may pertain.

Respectfully submitted,

*/s/Kera L. Paoff*
Kera L. Paoff (0082674)
Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*/s/Kera L. Paoff*
Kera L. Paoff (0082674)
Attorney for Plaintiff