IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VICKIE HIMES, MARSHA STAMM and FALON CLARK, individually and on behalf of all other similarly situated Individuals, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| DANNY'S INC. d/b/a THE TACKLE BOX 2, *et al*. | ) ) ) |
| Defendants. | ) |

CASE NO. 3:19-cv-494

JUDGE JACK ZOUHARY

**ORDER OF DISMISSAL WITH PREJUDICE AND APPROVAL OF SETTLEMENT**

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approval of Settlement, and approves the Agreement and its Exhibits, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiffs, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq.*, on behalf of servers, bartenders, and other employees for whom Defendants received

a tip credit alleging they that Defendants improperly took a tip credit and unlawfully failed to pay them the full minimum wage.

2. On March 5, 2019, Representative Plaintiffs Marsha Stamm, Vickie Himes, and Falon Clark filed this Action as a collective action under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and alleged that Defendants improperly took a tip credit and failed to pay servers, bartenders, and other employees for whom Defendants took a tip credit the full minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and R.C. § 4111.01 *et seq.* Defendants answered the Complaint disputing the material allegations both as to fact and law and denying any liability to Representative Plaintiffs or any other tipped employees, and asserting several affirmative defenses.

3. Between May and November 2019, the Parties engaged in an informal exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims. This included the pay records for Plaintiffs and the Opt-In Party Plaintiffs.

4. Between October and December 2019, the parties engaged in settlement negotiations and, thereafter, reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached to the Parties' Joint Motion as Exhibit A. The proposed Settlement eliminates the time, cost, and uncertainty of further litigation.

5. The Settlement will cover the three Representative Plaintiffs and the fourteen (14) Opt-In Party Plaintiffs identified in Appendix 1 of the Settlement ("Settlement Class" or "Class Members").

6. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Representative Plaintiffs and Opt-In Party Plaintiffs are to be dismissed with prejudice.

7. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiffs and Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiffs and Opt-In Plaintiffs.

9. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves the Class Representative Payments to the Representative Plaintiffs in recognition of their service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12. The Court dismisses the claims of the Representative Plaintiffs and Opt-In Party Plaintiffs, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal With Prejudice and Approving Settlement immediately.

13. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the distribution process.

**SO ORDERED:**

Date: __March 4, 2020_____     ___s/ Jack Zouhary_____
                                    Jack Zouhary
                                    United States District Judge

**SO STIPULATED:**

| | |
|---|---|
| *s/ Kera L. Paoff*_____ | *s/ Michele L. Jakubs* |
| Kera L. Paoff (0082674) | Michele L. Jakubs (Ohio Bar No. 0071037) |
| Kera@wflawfirm.com | mlj@zrlaw.com |
| Marilyn Widman (0068446) | Lauren M. Drabic (Ohio Bar No. 0097448) |
| Marilyn@wflawfirm.com | lmd@zrlaw.com |
| **WIDMAN & FRANKLIN, LLC** | **ZASHIN & RICH CO., L.P.A** |
| 405 Madison Avenue, Suite 1550 | 950 Main Avenue, 4th Floor |
| Toledo, OH 43604 | Cleveland, OH 44113 |
| Telephone: (419) 243-9005 | Telephone: (216) 696-4441 |
| | Facsimile: (216) 696-1618 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |